NINLLIAT, PLAINTIFF AND APPELLEE, *v.* SURIÑACH ET AL., DEFENDANTS AND APPELLANTS.

## APPEAL from the District Court of Mayagüez in a Rescissory Action.

### No. 1722.—Decided February 18, 1919.

RES JUDICATA.—When there are two or more issues in a case and all are decided in favor of the same litigant, the court may rest its decision on them jointly, in which event the judgment is treated as conclusive upon both.

ID.—Where some controlling fact or question material to the determination of both actions has been determined in a former suit and the same fact or question is again at issue between the same parties, its adjudication in the first, if properly presented, will be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject-matter, or whether or not it is in the same form of proceeding.

ID.—PARTIES.—The mere joining, in a second suit, of a nominal party who is not interested in the subject-matter in litigation does not prevent a prior adjudication from being a bar.

The facts are stated in the opinion.

*Messrs. Horton & Janer* and *Alfredo Arnaldo* for the appellants.

*Mr. José Sabater* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The judgment appealed from rescinds a deed executed by the United States Marshal pursuant to an execution sale.

The last two paragraphs of the bill of exceptions read as follows:

"13th. The court erred in failing to find that between this action and cause No. 226, in Equity, in the Federal Court there is identity of causes of action, subject-matter in litigation, persons and character or capacity of the parties, and that, therefore, the doctrine of *res judicata* is applicable, wherefore, the defendants take an exception.

"14th. The court erred in failing to find that between the present suit and cause No. 2889, prosecuted in this same district court, there is the most perfect identity of causes of action, subject-matter in litigation, persons and character and capacity of the parties, and that the doctrine of *res judicata* is also applicable, wherefore, the defendants take an exception."

The facts stated in the complaint herein and the prayer are outlined in Volume 24 Porto Rico Reports, pages 62 to 66 inclusive. The former complaint in the insular court, the original bill to quiet title and the report of the special master in chancery named by the federal court are set forth in Volume 18 Porto Rico Reports, pages 194 to 208.

The district court disposes of the question of *res judicata* as follows:

"12th. As to the defense of *res judicata* alleged by the minor children of Camilo Suriñach, we think that there is no identity of causes of action because the previous suit was an action of nullity and this case is an action to rescind the sale for fraud committed by Suriñach, the suit having also been instituted against the Succession of Luis Arán, who are insolvent, the plaintiff thereby being unable to claim or obtain from them any redress of the damage suffered; that in the present case the parties are also different so that there is likewise no identity of parties, because the minors Suriñach, Luis Arán and his daughter, heir of Luis Arán, are made defendants and inasmuch as no privity between the defendants has been shown, there is no identity of parties as required by law in order to destroy the action."

It is true that the element of fraud is set up somewhat more specifically in plaintiff's third attempt than in either of the two previous efforts. Indeed, so vague and general were the averments of the original bill that one of the grounds of demurrer thereto was that no fact was set out "to show any knowledge on the part of respondent as to transactions between complainant and Arán." On the other hand plaintiff now alleges specifically for the first time that—

"Camilo Suriñach had personal knowledge that, although the lot was recorded in the registry in the name of Luis Arán, the plaintiff was the sole owner and in possession thereof, and also that the buildings erected thereon were constructed by the plaintiff in good faith.

"Nowithstanding such knowledge, Camilo Suriñach maliciously procured the levy and sale of the said property, and with the object of defrauding the plaintiff and wrongfully depriving him of the

ownership thereof, acquired the same at public auction in the names of the minor defendants for the insignificant sum of three hundred dollars, which did not represent the fortieth part of its real value."

It is conceivable that full proof of these matters, especially of the averments contained in the paragraphs last quoted, might have enabled us to distinguish the case as made from the ruling of the special master in the federal court on the question of third parties. But not only is there no evidence to support the allegation last above-mentioned, but the same is more than negatived by the uncontradicted testimony of the deputy marshal who made the levy and sale:

"In order to make a levy on that property I presented a petition to the registrar of property asking for a certificate showing all of the properties belonging to Arán and he gave me such certificate, so that the only basis I had for knowing that said property belonged to Luis Arán was the certificate issued by the registrar. Neither Camilo Suriñach nor any of his attorneys intimated to me that that property belonged to Luis Arán. * * *"

"I know what property is referred to in this levy that was made and now I know the property, which is situated in Boulevard Balboa, and I have been there often; on the lot there are some unfinished buildings. At the time the levy was made I did not know where the lot was, but was guided solely by that description; I did not know what was on it, nor anything about it. * * *"

Neither the witnesses for plaintiff nor the findings of fact by the trial judge establish anything appreciably beyond the knowledge, silence and passive acquiescence imputed to Suriñach in the original bill and held by the special master not to deprive respondents of the benefit of the rule as to third parties. This being true, we cannot now discuss the merits of that ruling. It also follows that, however much we might be inclined to distinguish an action for the rescission of the deed on the ground of fraud and gross inadequacy of consideration from the suit to quiet title, and so to avoid the first conclusion reached by the special master, yet, the

facts established being substantially the facts on which the special master based his decision, the mere fact that the present suit is brought on a different theory amounting to a new cause of action would not alter the situation.

The demurrer was sustained and the bill dismissed by the special master in part if not primarily because, "under the Mortgage Law of Porto Rico, the decisions of the Supreme Court of Porto Rico of December 30, 1899; December 20, 1901; December 15, 1902; December 25, 1903, and the two Supreme Court decisions of United States in *Todd* v. *Romeu,*" the respondents were third parties and the action did not lie. The exceptions by complainant to the special master's report were based on the failure of the master to find:

"First. That though the complainant shows that the legal title to the property in question is in the respondents herein, it also shows that the complainant has been in possession of said property for a period of more than ten years and is now in possession of and is the real equitable owner of the same; the respondents holding only the bare legal title.

"Second. That though the respondents herein are third parties, in accordance with the Mortgage law of Porto Rico, yet the complaint shows that the respondents acted fraudulently and in bad faith and therefore said respondents are *mala fide* third parties and as such are not entitled to the privileges of *bona fide* purchasers (*terceros*) in accordance with said Mortgage Law of Porto Rico.

"Third. That the complaint shows that the legal title of the respondents herein is tainted with fraud and bad faith.

"Fourth. That the complaint shows that the vital question involved in this suit is one of fact, to wit, whether or not the respondents acted fraudulently and in bad faith and therefore that no question of law can be raised in the manner in which the complaint is framed."

The motion to strike the said exceptions was based on the grounds that the special master under the order appointing him "was given the same power in the premises as the court and his decision on the demurrer must be final and

subject to no exception on review by the court.'' This motion was granted and the exceptions were stricken from the files. The final decree of the federal court confirming the report of the special master construed the same as having found the bill of complaint to be without equity and on this theory the action was dismissed.

''Where there are two or more issues in a case and all are decided in favor of the same litigant, the court may rest its decision on them jointly, in which event the decision of one is no less necessary or material than the decision of the other issue, and the judgment is treated as conclusive upon both.'' 15 R. C. L. p. 980, section 454.

'' * * * .Where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first will if properly presented be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject matter, or whether or not it is in the same form of proceeding. In such cases it is also immaterial that the two actions were based on different grounds, or tried on different theories, or are instituted for different purposes, and seek different relief. A matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, must, in any subsequent litigation between the same parties, where the same question or questions arise, be deemed to have been finally and conclusively settled, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication.'' 15 R. C. L. p. 974, section 450, and cases cited; Law of Evidence, section 59; Decision Sup. Ct. of Spain of April 25, 1900, 89 *Jurisp. Civ.* 538; *Calaf et al.* v. *Calaf*, 17 P. R. R. 185, 207.

''The mere joining, in a second suit, of a nominal party who has no interest in the subject matter in litigation does not prevent a prior adjudication from being a bar.'' 15 R. C. L. p. 1012, section 485, and cases cited. See also Law of Evidence, section 61; *U. S.* v. *Desmoines Valley R. Co.,* 84 F. 40; *Butrio, Ptr.* 185 Mass. 107; *Dyett* v. *Hyman,* 120 N. Y. 353; *Meagley* v. *City of Binghamton,* 43 Sup. Ct. Rep. 36 Hun. 171; *Peñalosa* v. *Tauson,* 22 Philippine, 303.

The only reference by the trial judge to the newly made defendants, save in the paragraph disposing of the question of *res judicata,* already quoted, is found in a recital of failure to appear and of an entry as to such default. They are not mentioned at all in the judgment, nor in the prayer for relief beyond the contingency suggested in the final clause thereof as to "costs, expenses, disbursements, and attorney fees against such parties as may contest the complaint." If the additional parties were brought in for any purposes other than to anticipate the plea of *res judicata,* that fact is by no means clear either from the complaint or from the record as a whole.

In view of the conclusion reached as to the effect of the ruling by the special master in the federal court on the question of third parties, we need not consider whether or not the facts stated in the complaint herein constitute a new cause of action distinguishable as such from either or both of the former suits.

The judgment appealed from must be reversed and the complaint dismissed.

*Reversed and complaint dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey took no part in the decision of this case.